840 F.2d 10
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linda Lou BARRIER, Petitioner-Appellant,
v.
Aaron JOHNSON, Attorney General of the State of North
Carolina, Respondent- Appellees.
 No. 87-6086.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 30, 1987.
Decided Feb. 17, 1988.
 
 Linda Lou Barrier, appellant pro se.
 Richard Norwood League, Office of Attorney General, for appellees.
 Before DONALD RUSSELL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Linda Lou Barrier, a North Carolina inmate, seeks to appeal the district court's denial of habeas relief under 28 U.S.C. Sec. 2254. We deny leave to proceed in forma pauperis on appeal, deny a certificate of probable cause to appeal, and dismiss the appeal on the reasoning of the district court. Barrier v. Johnson, C/A No. 86-986-HC (E.D.N.C. Apr. 16, 1987).
 
 
 2
 Barrier's petition raised three challenges to her 1984 conviction of felonious child abuse and second degree murder:
 
 
 3
 (1) the trial court's instructions on the use of hands as deadly weapons unconstitutionally shifted to her the burden to disprove malice;
 
 
 4
 (2) there was no evidence of malice and therefore insufficient evidence to sustain a conviction of second degree murder; and
 
 
 5
 (3) her conviction of both felonious child abuse and second degree murder violated double jeopardy.
 
 
 6
 After considering the state's answer to the petition and Barrier's response, the magistrate recommended that relief be denied. The magistrate found no constitutional error in the instructions regarding the circumstances under which hands or fists are considered deadly weapons. The magistrate found the instruction that the law implies malice from the use of a deadly weapon to intentionally inflict injury which proximately results in death to be improper, but that the error was harmless because the evidence was so dispositive of malice that the jury would not have needed to rely on the presumption created by the instruction. The magistrate found the evidence adequate to support a conviction for second degree murder and deferred to the state court's interpretation of its child abuse offense as not merging into the offense of murder. The district court adopted the magistrate's recommendation over Barrier's objection.
 
 
 7
 Under Rose v. Clark, 54 U.S.L.W. 5023 (U.S. July 2, 1986) (No. 84-1974), the harmless beyond a reasonable double standard applies on review of state court jury instructions which unconstitutionally shifted a burden of proof to the defendant on an element of the crime. Upon review of the record, we agree with the district court that the evidence of malice was such that we "can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the presumption." Rose v. Clark, 54 U.S.L.W. at 5027 (quoting Connecticut v. Johnson, 460 U.S. 73, 97 n. 5 (1983) (Powell, J., dissenting)). We note, in addition to the reasons given by the district court, that the jury was properly instructed as to the state's burden to prove intent to inflict injury and that Barrier presented no evidence that she acted in self-defense or in heat of passion upon sudden provocation. See Rook v. Rice, 783 F.2d 401 (4th Cir.1985), cert. denied, 54 U.S.L.W. 3867 (U.S. July 7, 1986) (No. 85-6834); Davis v. Allsbrooks, 778 F.2d 168 (4th Cir.1985). Moreover, we reject the argument raised by Barrier on appeal that the district court's analysis of this issue entitles her to federal court consideration of claims she has not yet exhausted through the state courts.
 
 
 8
 We likewise agree with the district court's conclusion that because there was sufficient evidence of malice, there was sufficient evidence to support a verdict of guilty of second degree murder.
 
 
 9
 Finally, we find that the district court properly rejected Barrier's double jeopardy claim on the grounds that the state legislature intended to permit multiple punishments for child abuse and murder. See Missouri v. Hunter, 459 U.S. 359, 366 (1983) (double jeopardy clause "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended). Section 14-318.4 of the North Carolina Code, establishing the crime of felony child abuse, explicitly provides that the offense is "additional to other civil and criminal provisions and is not intended to repeal or preclude any other sanctions or remedies." The North Carolina Court of Appeals, interpreting a parallel misdemeanor child abuse provision, has held that the North Carolina General Assembly did not intend child abuse to be a lesser included offense or to merge with any other offense, and that it does not merge into second degree murder. State v. Mapp, 45 N.C.App. 574, 264 S.E.2d 348 (1980). Although an intermediate appellate court may not determine in binding fashion a rule of state law, its opinion is persuasive in situations where the highest state court has not spoken. Sanderson v. Rice, 777 F.2d 902, 905 (4th Cir.1985), cert. denied, 54 U.S.L.W. 3563 (U.S. Feb. 24, 1986) (No. 85-6052). We are persuaded that the state legislature intended to authorize multiple punishments in this situation and that Barrier's double jeopardy claim therefore must fail.
 
 
 10
 Finding no error in the district court's denial of habeas relief, we deny Barrier's requests for appointment of counsel and for a competency hearing and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 DISMISSED.